[Civ. No. 3200. Second Appellate District, Division Two.—May 12, 1920.]

EMMET McCONNELL, Appellant, v. ESTATE OF JAS. H. GAUT, Deceased, et al., Respondents.

[1] HUSBAND AND WIFE—RATIFICATION OF HUSBAND'S ACTS—AGENCY —EVIDENCE.—The act of the wife in merely signing her name to certain documents affecting the title to real property standing in her husband's name, to facilitate his business, cannot be held to constitute a ratification by her of all previous acts of her husband in his own behalf, as having been done by him as her agent; neither can the fact that on previous occasions the husband had procured his wife's signature to notes, and that she had thereby become personally obligated thereon, of itself operate to constitute him her agent for all time and for all purposes, so as to render her personally bound by his acts.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Simpson & Simpson for Appellant.

J. H. Merriam for Respondents.

WELLER, J.—This action was brought to recover judgment against Helen Lukens Gaut, as administratrix of the estate of Jas. H. Gaut, deceased, and in her individual capa-

city, in the sum of $6,700, on account of certain moneys alleged to have been loaned by plaintiff to the decedent and his wife, the said Helen Lukens Gaut. The court below rendered judgment against the administratrix for the amount prayed, but denied relief as against her individually. From the latter portion of the judgment plaintiff appeals.

The following facts are shown by the findings: On December 15, 1913, the decedent, Jas. H. Gaut, was the owner of certain real property in Riverside County, subject to five encumbrances, aggregating $15,300, one, a mortgage in the sum of $6,000, signed by Gaut and wife, being held by plaintiff. On or about that date plaintiff and Jas. H. Gaut entered into a contract whereby they agreed that the property should be cleared of the encumbrances, that plaintiff would loan Gaut $6,700, that the latter should execute to plaintiff two promissory notes, each for $6,350, secure their payment by a mortgage upon the above-mentioned property, and procure his wife, the defendant, Helen Lukens Gaut, to sign the notes and mortgage. Prior to this, Gaut had borrowed the sum of $1,200 from plaintiff and had given him a note signed by himself and wife, securing the payment thereof by a grant deed to the property, plaintiff, in turn, giving a receipt which, after stating that the deed was held as collateral security for the payment of the note, reads:

"I have accepted this deed with the understanding in event said James H. Gaut should fail to pay said note then I am at liberty to record said deed and take possession of said property. In event, however, said note is paid, I agree to return said deed to James H. Gaut or assigns.

"(Signed)    E. McCONNELL."

Subsequently, plaintiff gave checks to Jas. H. Gaut amounting to some $5,500, which, together with the $6,000 mortgage and the $1,200 note, made up the sum of $12,700, for which the notes and mortgage mentioned in the agreement were to be executed. Plaintiff then deposited releases of the mortgages held by him with the Title Insurance & Trust Company, with instructions to record them on delivery of the $12,700 note and mortgage. These instructions were approved by Jas. H. Gaut, who also agreed to pay to the depositary the sum of $2,500 for the purpose of satisfying other liens and clearing title to the property. Before the

deal was consummated, Jas. H. Gaut died, and the $12,700 note and mortgage were never delivered to plaintiff.

The court found that Helen Lukens Gaut, respondent, received no part of the consideration for the $1,200 note, but that she signed it at the request of Jas. H. Gaut, as his wife, and not otherwise; and that she received no part of the moneys borrowed by Jas. H. Gaut, which made up the $12,700 in notes.

The complaint, as originally framed, prayed for a decree requiring the defendant, individually and as administratrix, to execute and deliver the $12,700 note and mortgage, or, in case this could not be done, that plaintiff have judgment in the sum of $6,700. While the action was pending, the prayer for specific performance was abandoned, by stipulation, and the case proceeded for the recovery of a personal judgment.

Appellant attacks the portion of the judgment which exonerates the respondent from personal liability, claiming that she is bound by the acts of her husband as her agent.

[1] Plaintiff testified to several transactions had with Jas. H. Gaut, covering a period of some months, and in each case speaks of dealing with Jas. H. Gaut only. All checks were payable to Gaut, and all memoranda were made in his name alone. The receipt above quoted is an instance. It will be noted that no mention of Mrs. Gaut is made therein. Her only connection with the dealings between plaintiff and her husband was the signing of the $1,200 note—in which plaintiff apparently did not consider her interested, as he ignored her entirely in his receipt, and also when, at her husband's request, she signed the undelivered note and mortgage. Nowhere does it appear that Gaut assumed to act for his wife as her agent or that he attempted to bind her in any way. Whatever obligation attached to her individually was the result of her own actions. She merely signed her name to the documents affecting the title to real property standing in her husband's name, as a dutiful wife, to facilitate his business. To hold that such actions on her part constituted ratification by her of all previous acts of her husband in his own behalf, as having been done as her agent, would transcend the limits of precedent and reason. The fact that on previous occasions Gaut had procured his wife's signature to notes, and that she had thereby become per-

sonally obligated thereon, could not of itself operate to constitute him her agent for all time and for all purposes; and the record discloses no other act or omission on her part that could be construed either as precedent authorization or subsequent ratification. If the notes and mortgage for $12,700 had been delivered, she no doubt would have been liable for any deficiency after a sale of the mortgaged property under decree of foreclosure. But that was the extent of her obligation. There being no delivery of the notes and mortgage, she did not become obligated to pay anything on the notes.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1020.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.